930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Leona T. LANGS, Plaintiff-Appellant,
v.
The OKLAHOMA TAX COMMISSION, Debbie Kearns, Defendants-Appellees.
 No. 90-6303.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Leona Langs brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (1988). She alleged that she was fired from her job at the Oklahoma Tax Commission in retaliation for bringing a racial discrimination complaint to a supervisor and a grievance worker. She also alleged that the defendant discriminated against her in work assignments and reprimands.
 
 
 3
 The district court granted the defendant's motion for summary judgment on the work assignments and reprimands issue. The court, however, concluded that the plaintiff had established a prima facie case with respect to her retaliatory discharge claim and overruled the defendant's motion for summary judgment on that issue. After a bench trial, the district court concluded that the plaintiff was terminated because she was a poor employee and that the reasons for her discharge were not pretextual.
 
 
 4
 The plaintiff appeals the district court's grant of summary judgment and the court's ruling that the reasons for her termination were legitimate and not pretextual.
 
 
 5
 We review the grant of summary judgment by examining the record to determine if any genuine issue of material fact was in dispute. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). If there is no such dispute, the court must determine if the substantive law was correctly applied. Id. We review the record in the light most favorable to the opposing party. Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987).
 
 
 6
 In a Title VII suit, the plaintiff must first establish a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1972). The plaintiff must present evidence which raises an inference that the defendant unlawfully discriminated against the plaintiff. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). "The burden of establishing a prima facie case of disparate treatment is not onerous." Id.
 
 
 7
 We have reviewed the record and conclude that the district court did not err in finding that the plaintiff submitted insufficient evidence of discrimination by the defendant in work assignments and reprimands to establish a prima facie case for trial. The plaintiff attempted to support her claim by comparing the treatment she received through written absenteeism reprimands with those the defendant gave to two non-black employees. Medical excuses were noted in their reprimands. The plaintiff's contention that the defendant discriminated against her by refusing to acknowledge the medical reasons for her absences is refuted by the fact that the plaintiff did not make known these reasons for more than a year after some of the absences for which she was reprimanded. Even when we review the record in the light most favorable to the plaintiff, she did not present evidence which raises an inference that the defendant discriminated against her in issuing reprimands. See id.
 
 
 8
 Similarly, the record does not disclose any evidence of discriminatory treatment in work assignments other than the conclusory statements contained in Ms. Langs' affidavit. This evidence is insufficient to oppose a motion for summary judgment. See Citizens Envtl. Council v. Volpe, 484 F.2d 870, 873 (10th Cir.1973), cert. denied, 416 U.S. 936 (1974). We therefore affirm the district court's grant of summary judgment on the issue of discriminatory treatment in work assignments and reprimands.
 
 
 9
 Ms. Langs also appeals the district court's finding that the reasons for her firing were legitimate. We must uphold findings of fact unless they are clearly erroneous. Everaard v. Hartford Accident and Indem.Co., 842 F.2d 1186, 1191 (10th Cir.1988). Trial court findings are not clearly erroneous unless we are definitely and firmly convinced, after reviewing the record as a whole, that a mistake has been made. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987).
 
 
 10
 The record supports the finding that the defendant did not discharge Ms. Langs for complaining to a grievance worker and her supervisor about racial discrimination. Without discussing all the evidence before the district court, we note the evidence detailing Ms. Langs' insubordination, poor performance, and frequent absenteeism. The court's ruling that the Oklahoma Tax Commission did not unlawfully retaliate against Ms. Langs was not clearly erroneous.
 
 
 11
 The district court's order is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3